2013 JAN 23 PM 3:31

IN THE UNITED STATES BANKRUPTCY COURT FOR THE NORTHERN DISTRICT
OF MISSISSIPPI

IN RE MIKE ABDEL MURFIK

NO: 13-10120
CHAPTER 13

CHARLESTON SHIPP'S OBJECTION TO AN EXTENSTION OF THE AUTOMTIC STAY AND ~~FIRST MOTION TO DISMISS CHAPTER 13 BANKRUPTCY PETITION FOR BAD FAITH WITH AUTHORITY~~

COMES NOW Charleston Shipp by and through undersigned counsel and files herewith his Objection to an extension of the Automatic Stay pursuant 11 USC § 362(C)(3) and Local Rule 4001-1(e) and also files his Motion to Dismiss this Chapter 13 bankruptcy pursuant to 11 USC § 1307(C) and would show this Honorable Court the following:

1. On October 28, 2011, Debtor was aware that Charleston Shipp intended to enforcement to his rights as a secured judgment creditor.

2. On November 4, 2011, the United States Marshals for the Western District of Tennessee executed a Writ of Garnishment against Debtor's bank accounts at Bank of America.

3. On November 6, 2011, Debtor filed a "skeletal" voluntary petition in the United States Bankruptcy Court for the Western District of Tennessee bearing no. 11-31857 ("Tennessee Bankruptcy").

4. Debtor did not make any payments on the judgment while the Tennessee Bankruptcy was pending.

5. Debtor elected to voluntarily dismiss the Tennessee bankruptcy rather than

proceed with the meeting of creditors.

6. The Court dismissed the Tennessee Bankruptcy by order dated April 24, 2012.

7. The Debtor make no voluntary payments to reduce or satisfy the Judgment either in whole or in part after the Tennessee was dismissed.

8. On January 10, 2013, the United States Marshals for the Western District of Tennessee executed a Writ of Execution against one of the Debtor's proprietorships in Memphis, Tennessee.

9. After the Marshals had completed the execution, the Debtor filed another skeletal Chapter 13 petition with this Court. ("Mississippi Bankruptcy").

10. Debtor has not filed any disclosures or proposed plan. Debtor has not paid any sum to Charleston Shipp during the pending of this bankruptcy pursuant to 11 USC § 506(b). The disclosures and other information are necessary for Shipp and other creditors to determine the extent of all of Debtors accounts, assets, any preferential transfers of assets, fraudulent conveyance of assets, or fraudulent concealment of assets that may have occurred in an effort to defeat creditors. Debtor has unreasonably delayed filing this information and it is prejudicial to creditors.

11. Debtor has known for a year that Shipp had every intention of pursuing his enforcement remedies pursuant to FRCP 69 but he has still delayed in providing any information and prejudiced Shipp's rights to receive payment in satisfaction of

2

\\lgwserver\lgwlaw files\Drayton Berkley\SHIPP\PLEADINGS\Execution Collection\Murfik Chapter 13\MS Chapter 13\13-01-22 Motion to Dismiss Bankruptcy and Objection to Continue Stay.doc

his judgment. §1307(C)(1). Debtor has wholly failed to make any payments and the Debtor's whole motive in filing this action is to prevent the execution of the judgment of the Western District of Tennessee. The only payments that Shipp has received in satisfaction of his judgment against Debtor is via garnishment and this execution. At each point, in the Tennessee bankruptcy, and now in this bankruptcy, the Debtor filed bankruptcy rather and formulate a plan to pay Charleston Shipp.

12. Mike Murfik's January 10, 2013 voluntary petition is a "bad-faith" filing. Debtor filed this petition only after the writ of execution was served on his proprietorship.

13. In *In re Crager*, 691 F.3d 671, 675-76 (5th Cir. 2012), the United States Court of Appeals held that courts employ a totality of the circumstances test to determine if a petition is filed in bad faith. Bad faith is found when a Debtor never intends to pay the debt. *Matter of Chaffin*, 836 F.2d 215, 216 (5th Cir. 1988). A bankruptcy instituted to prevent execution of assets is a misuse of the bankruptcy process and only serves to delay creditors. *See Matter of Elmwood Development Co.* 964 F.2d 508 (5th Cir. 1992). Moreover, a bankruptcy instituted to defeat litigation in other courts is a "bad-faith" filing. *In re Myers*, 491 F.3d 120 (3rd Cir. 2007); *In re Eisen*, 14 F.3d 469 (9th Cir. 1999).

14. Murfik's petition was filed in bad –faith pursuant to the foregoing authorities. Murfik only filed the Tennessee bankruptcy after garnishment had been served. Murfik only filed this bankruptcy after execution had been served. Murfik

3

has made no voluntary payments at any time. Thus, Debtor's whole motive is to defeat the execution and future execution and delay Shipp's receipt of his payment. There is no evidence that Debtor intends to pay the debt.

WHEREFORE PREMISES CONSIDERED, the Plaintiff respectfully urges the Court to Deny the Debtor's Motion to Extend the Automatic Stay and Dismiss Debtor's petition as a "bad-faith filing" pursuant to § 1307(C). In the alternative, the Court should order the Debtor to pay a substantial lump sum to adequately protect Charleston Shipp's right to past payments and begin to pay monthly adequate protection payments and § 506(b) payments.

Respectfully submitted,

/S/DRAYTON D. BERKLEY
**DRAYTON D. BERKLEY, ESQ. (MBN 10280)**
**Attorney for Charleston Shipp**
The Businessmen's Club
81 Monroe Avenue, Suite 400
Memphis, Tennessee 38103
attorneyberkley@gmail.com

## CERTIFICATE OF SERVICE

The undersigned hereby certifies a copy of the foregoing has been served upon counsel for the counsel via United States Mail or e-mail or ECF as follows:

Ms. Paige McDowell Hopper
Attorney for Debtor
5118 Park Avenue Ste 600
Memphis, TN 38117

4

helpmepaige@gmail.com

Office of the US Trustee
501 East Court Street, Ste 6-430
Jackson, MS 39201
USTPRegion05.AB.ECF.usdoj.gov

Locke D. Barkley
Chapter 13 Trustee
P.O. Box 55829
Jackson, MS 39296-5829
sbeasley@barkley13.com

Arkansas Department of Environmental Quality
Attn:  Dawn Guthrie
5301 Northshore Drive
North Little Rock, AR 72118-5317

Bank of America NA
Home Loans Customer Service
P.O. Box 5170
Simi Valley, CA 93062

Capital Management Services, Inc.,
726 Exchange St Ste 700
Buffalo, NY 14210

Capital One
Attn:  General Correspondence
P.O. Box  30285
Salt Lake City, UT  84130-0285

Chase
P.O. Box 961227
Columbus, OH  43224-0696



Chase-Bankruptcy Team
Mail Code TX1-2204

5

2901 Kinwest Parkway
Irving, TX 75063


Chase Customer Service
P.O. Box 15299
Wilmington, DE  19850-5299

Citibank NA
P.O. Box 6497
Sioux Falls, SD 57117

City of Memphis Treasurer
P.O. Box 185
Memphis, TN 38101-0185

Discover Bank
DB Servicing Corp.
P.O. Box 3025
New Albany, OH 43054-3025

FIA Card Services NA
P.O. Box 15102
Wilmington, DE  19886-5102

First Data Merchant Services
4000 Coral Ridge Drive
Pompono Beach, FL  33065-7614

GE Capital Retail Bank
P.O. Box 981400
El Paso, TX 79998

Recovery Management Systems Corp.
25 SE Second Avenue Ste 1120
Miami, FL  33131-1605



Robinson, Reagan & Young, PLLC
105 Broadway Ste 300

Nashville, TN 37201

Shelby County Trustee
P.O. Box 2751
Memphis, TN 38101-2751


Softgate Systems
330 Passiac Ave
Faifield, NJ  07004

Tennessee Education Lottery Corp.
C/o TN Attorney General's Office
Bankruptcy Division
P.O. Box 20207
Nashville, TN 37202


This the 22nd day of January 2013.

                                            /s/ Drayton D. Berkley
                                            **DRAYTON D. BERKLEY, ESQ.**