# IN THE UNITED STATES BANKRUPTCY COURT FOR THE NORTHERN DISTRICT OF MISSISSIPPI

IN RE MIKE ABDEL MURFIK

NO: 13-10120
CHAPTER 13

## CHARLESTON SHIPP'S OBJECTION TO CONFIRMATION OF THE PLAN WITH AUTHORITY

COMES NOW Charleston Shipp by and through undersigned counsel and files herewith and pursuant to 11 USC § 363(C)(3) and Local Rule 9014-1 his Objection to Debtor's Plan (Dkt 14) and would show this Honorable Court the following:

1. On February 5, 2013, Debtor filed Schedules in this Court. (Dkt 20).

2. The real estate located at 3684 Ridgeway in Memphis, Tennessee was severely damaged by fire on January 28, 2012 and again on October 28, 2012. (Dkt 20, p5). Debtor received insurance proceeds of approximately $297,000 for the January 28, 2012 fire. (Dkt 20, p24). Debtor has an insurance coverage claim pending for the October 28, 2012 fire. Debtor has in his possession $110,000.00 remaining from the January 28, 2012 insurance proceeds. (Dkt 20, p5). Debtor presumably transferred in excess of $20,000.00 to Larry Weissman from these insurance proceeds. (Dkt 20, p8).

3. Charleston Shipp filed his first judicial lien against all of Debtor's property in Shelby County, Tennessee on August 3, 2011 (Claim 2-1). Shipp amended this judicial lien on February 1, 2012 (Claim 2-1). The United States District Court for the Western District of Tennessee ordered that 3684 Ridgeway Memphis, Tennessee be sold to satisfy the Plaintiff's judgment. (Claim 2-1, pp3-5). The United States

District Court for the Northern District of Mississippi ordered that 4908 Bowie Olive Branch, Mississippi be sold to satisfy the Plaintiff's judgment (Claim 2-1, p6).

4. Tennessee[1] judicial liens follow fire insurance proceeds for damage to real property. *Brown Oil Co., Inc., v. Johnson*[2], 689 S.W.2d 149 (Tenn. 1985). Accordingly, the fire insurance proceeds received by the Debtor became cash collateral upon the filing of this petition. 11 USC § 363(a).

5. Debtor proposes to abandon his real property located at 1917 E. Broadway West Memphis, Arkansas (Dkt 26). The proposed contract for sale indicates a purchase price of $357,500 (Dkt 26-1).

5. Debtor does not account for Shipp's cash collateral in excess of $130,000.00 or for the proposed realization of $357,500.00 from the sale of the property in Arkansas in his plan. (Dkt. 22).

6. Debtor proposes to pay the following entities outside the plan: (1) Shelby County Trustee, (2) City of Memphis Treasurer, (3) Ragaie Murfik. Debtor proposes to pay his unsecured debt of $23,055.89 in full. (Dkt 22)

7. Murfik proposes to pay Charleston Shipp $455.00 per month and pay the balance in a ballon payment from the sale of 3684 Ridgeway. (Dkt 22) Murfik has not produced any contract for the sale of 3684 Ridgeway and has already sworn that the

---

[1] Tennessee is the situs of 3684 Ridgeway and thus the law of the situs controls. *Quasha v. Shale Development Corporation*, 667 F.3d 483, 486-87 (5th. Cir. 1982); *Stone v. Sample*, 62 So.2d 307, 309 (Miss. 1953)
[2] A copy of this authority is attached herewith.

2

property was severely damaged. (Dkt 22).

8.  Ballon payments are not authorized in a Chapter 13 plan unless the debtor can demonstrate that the funds will be available. *First National Bank of Boston v. Fantasia*, 211 B.R. 420, 422-25 (1st Cir. BAP 1997). The potential for abuse is manifest in Chapter 13 plans involving a proposed ballon payment. *In Re Crotty*, 11 B.R. 507, 511-12 (Brtcy. N.D. Tex. 1981). Debtor has not demonstrated that a contract for sale currently exists for the property. Moreover, Debtor is holding the cash collateral from the January 28, 2013 fire and presumably has already paid some of these funds to Larry Weissman and apparently intends to utilize these funds to pay the Shelby County Trustee and the City of Memphis Treasurer.

9.  Shipp has already asserted to the Court that Debtor's filing is in "bad faith" and should be dismissed (DE12 and DE 13 ). The Debtor is merely seeking to continue to delay and forestall the collection of Shipp's judgment against his assets. Shipp incorporates his argument set forth in (Dkt 12 and 13) objects to this plan as the totality of circumstances[3] indicate that it was filed in bad faith as well.

WHEREFORE PREMISES CONSIDERED, the Plaintiff respectfully urges the Court to Deny Confirmation of the Plan as it is proposed in bad faith.

Respectfully submitted,

/s/Drayton D. Berkley
**DRAYTON D. BERKLEY, ESQ. (MBN 10280)**
**Attorney for Charleston Shipp**

---

[3] *In re Crager*, 691 F.3d 671, 675-76 (5th Cir. 2012)

3

The Businessmen's Club
81 Monroe Avenue, Suite 400
Memphis, Tennessee 38103
attorneyberkley@gmail.com

## CERTIFICATE OF SERVICE

The undersigned hereby certifies a copy of the foregoing has been served upon counsel for the counsel via United States Mail or e-mail or ECF as follows:

Ms. Paige McDowell Hopper
Attorney for Debtor
5118 Park Avenue Ste 600
Memphis, TN 38117

helpmepaige@gmail.com

Office of the US Trustee
501 East Court Street, Ste 6-430
Jackson, MS 39201
USTPRegion05.AB.ECF@usdoj.gov

Locke D. Barkley
Chapter 13 Trustee
P.O. Box 55829
Jackson, MS 39296-5829
sbeasley@barkley13.com

Arkansas Department of Environmental Quality
Attn: Dawn Guthrie
5301 Northshore Drive
North Little Rock, AR 72118-5317

Bank of America NA
Home Loans Customer Service
P.O. Box 5170
Simi Valley, CA 93062

Capital Management Services, Inc.,
726 Exchange St Ste 700
Buffalo, NY 14210
Cms-bk@cms-collect.com

Capital One
Attn: General Correspondence
P.O. Box 30285
Salt Lake City, UT 84130-0285

Chase
P.O. Box 961227
Columbus, OH 43224-0696

Chase-Bankruptcy Team
Mail Code TX1-2204
2901 Kinwest Parkway
Irving, TX 75063

Chase Customer Service
P.O. Box 15299
Wilmington, DE 19850-5299

Citibank NA
P.O. Box 6497
Sioux Falls, SD 57117

City of Memphis Treasurer
P.O. Box 185
Memphis, TN 38101-0185

Discover Bank
DB Servicing Corp.
P.O. Box 3025
New Albany, OH 43054-3025
mrdiscen@discoveryfinancial.com

FIA Card Services NA
P.O. Box 15102

5

Wilmington, DE  19886-5102

First Data Merchant Services
4000 Coral Ridge Drive
Pompono Beach, FL  33065-7614

GE Capital Retail Bank
P.O. Box 981400
El Paso, TX  79998
gecsedi@recoverycorp.com

Recovery Management Systems Corp.
25 SE Second Avenue Ste 1120
Miami, FL  33131-1605
rmscedi@recoverycorp.com


Robinson, Reagan & Young, PLLC
105 Broadway Ste 300
Nashville, TN 37201

Shelby County Trustee
P.O. Box 2751
Memphis, TN 38101-2751
kmcclellan@shelbycountytrustee.com

Softgate Systems
330 Passiac Ave
Faifield, NJ  07004

Tennessee Education Lottery Corp.
C/o TN Attorney General's Office
Bankruptcy Division
P.O. Box 20207
Nashville, TN 37202

T-Mobile
EBN_AIS@AMERICANINFOSOURCE.COM


This the 11th day of February 2013.

\\lgwserver\lgwlaw files\Drayton Berkley\SHIPP\PLEADINGS\Execution Collection\Motion to Quash Writ of Garnishment\Murfik Chapter 13\MS Chapter 13\13-02-11 Objection to Plan.doc

/s/ Drayton D. Berkley
**DRAYTON D. BERKLEY, ESQ.**

7

\\Hgwserver\hgwlaw files\Drayton Berkley\SHIP\PLEADINGS\Execution Collection\Motion to Quash Writ of Garnishment\Murfik Chapter 13\MS Chapter 13\13-02-11 Objection to Plan.doc

689 S.W.2d 149 (Tenn. 1985), Brown Oil Co., Inc. v. Johnson

Page 149

**689 S.W.2d 149 (Tenn. 1985)**

**BROWN OIL CO., INC., Plaintiff-Appellee,**

v.

**Lavern JOHNSON, et ux., Defendants-Appellees,**

and

Commissioner of Revenue, State of Tennessee,

**Defendant-Appellant.**

**Supreme Court of Tennessee.**

**April 29, 1985.**

J. Robert Walker, Asst. Atty. Gen., Nashville, (W.J. Michael Cody Atty. Gen. and Reporter, Nashville, of counsel), for defendant-appellant.

Edwin Z. Kelly, Jr., Jasper, for plaintiff-appellee.

OPINION

DROWOTA, Justice.

This is a suit by Brown Oil Company to enforce a judgment lien against Lavern Johnson and his wife, Janie Johnson. The Johnsons are also substantially indebted to the Department of Revenue for unpaid sales taxes. At issue is the priority between Brown Oil and the Department of Revenue regarding the wife's share of the proceeds from an insurance settlement. The chancellor held that the duly perfected judgment lien of Brown Oil Company had priority and the Commissioner of Revenue has appealed.

Lavern Johnson is registered with the Department of Revenue for the State of Tennessee in connection with the operation of grocery stores in Sequatchie County and Marion County, known as Big J Supermarket and Little J No. 3. The Department of Revenue filed notices of state tax liens against Lavern Johnson with the Registers of Sequatchie County and Marion County, Tennessee, respectively, in March of 1979. Mr. Johnson's tax liability for both stores was in excess of $100,000.

In September of 1982 Mr. Johnson and the Department of Revenue entered into agreements which allowed Mr. Johnson to pay the delinquent taxes in installments. For the Big J Supermarket, $500 was to be paid immediately, $500 was to be paid monthly for the next eleven months, with a

Page 150

final payment of $50,186.61. A similar agreement was executed regarding the other store: $4,000 was to be paid immediately, $500 was to be paid monthly for the next eleven months, with a final payment of $12,899.91. At the bottom of each agreement was the following assumption of liability provision, signed by Mr. Johnson's wife, Janie Johnson, who had no ownership interest in either business location:

I, [Janie Johnson] , hereby assume, in consideration for the above stated agreement of the Tennessee Department of Revenue to forego any rights it has to immediate collection by levy of the indebtedness of the owner as shown above, the debt of [$59,186.61 & $22,399.91, respectively], the above stated owner, and I further agree that I shall be subject to all terms and

conditions set out in the above stated agreement and that I shall be jointly and severally liable for such debt.

/s/ Janie Johnson

At the time these agreements were entered into, no tax assessment had been made by the Department of Revenue against Mrs. Johnson.

A payment schedule introduced at trial indicated that subsequent to September, 1982, only one $500 payment had been received to liquidate the debt of Big J Supermarket and that only three $500 payments had been received on the amount owed from Little J No. 3. The Department of Revenue filed a notice of state tax lien against both Lavern Johnson and Janie Johnson on September 21, 1982, in Marion County. A similar notice was filed in Sequatchie County the following day.

Brown Oil Company, Plaintiff herein, obtained a judgment on July 29, 1983, in the Circuit Court of Marion County against Lavern and Janie Johnson in the amount of $11,057.58. Certified copies of this judgment were filed in Marion County on July 29, 1983, and in Sequatchie County on August 3, 1983. As of the date of trial in the present lawsuit, the amount due Brown Oil Company on the judgment, including interest, was $12,048.55.

This lawsuit was filed by Brown Oil Company to determine the respective priorities with respect to an $82,000 insurance settlement paid the Johnsons as the result of a fire loss. The South Carolina Insurance Company paid the proceeds into court and requested the court to determine the rights of the parties. In addition to the Johnsons, several other defendants were parties to the suit. Most of these other defendants possessed liens on real estate owned by the Johnsons. These liens were admittedly superior to the claims of Brown Oil and the Department of Revenue and were satisfied out of the insurance proceeds by agreed order. At issue before the trial court was the disposition of $52,592.00, the balance of the insurance proceeds which were owned by Lavern and Janie Johnson as tenants by the entirety. After payment of court costs and attorney's fees associated with the insurance settlement, the chancellor divided the remaining funds into two equal shares, one to be designated the Lavern Johnson share and the other the Janie Johnson share. The chancellor awarded the entire Lavern Johnson share to the Department of Revenue. The judgment lien of Brown Oil Company was satisfied out of the Janie Johnson share, with the remainder to be held for the protection of the Department of Revenue. The Department of Revenue appeals that portion of the judgment that awarded $12,048.55 of the Janie Johnson share to Brown Oil Company.

The dispositive issue is whether the Department of Revenue has a valid tax lien against Janie Johnson by virtue of the assumption of liability agreement that she signed in 1982. The Defendant contends that Janie Johnson, by assuming the tax liability of her husband (the taxpayer), became a "person liable to pay any state tax" within the meaning of the Tax Enforcement Procedures Act, T.C.A. Sec. 67-1-1403(a). Pursuant to this statutory scheme, the State has a lien on property then owned or subsequently acquired by any person liable for any state taxes. The lien continues until the taxes are fully paid. A notice of tax lien is required to be filed in

Page 151

the county where the property is located. The lien created by the statute is superior to all other

liens except those specifically noted in T.C.A. Sec. 67-1-1403(c). None of the exceptions, which are mostly for security interests and other tax liens, are relevant to the present priority dispute. See generally T.C.A. Sec. 67-1-1401 et seq. The notice of state tax lien was filed almost a year before the judgment of Brown Oil Company was recorded.

The Plaintiff argues that Mr. Johnson's tax liability arose from the Retailers' Sales Tax Act, T.C.A. Secs. 67-6-101 et seq. It is Plaintiff's position that only Mr. Johnson, and not Mrs. Johnson, falls within the definition of "dealer" contained in T.C.A. Sec. 67-6-102(4), and that only a person engaged as a dealer is liable to pay state sales tax. Since Janie Johnson was not a dealer and not considered to be a taxpayer by the Department of Revenue, Plaintiff reasons that there was never any lien for taxes created against her.

In deciding whether the State had a valid lien for taxes against Janie Johnson, we must determine the legal effect of the "assumption of liability" agreement signed by Mrs. Johnson. The chancellor held that Mrs. Johnson's assumption of liability was a contractual obligation only and did not encumber her property interests to the extent of authorizing a tax lien under the Tax Enforcement Procedures Act. He therefore concluded that the notices of tax liens filed by the Department of Revenue following her execution of the assumption of liability agreement in 1982 did not affect her property interests.

Section 3 of the Tax Enforcement Procedures Act provides as follows:
If any person liable to pay any state tax or fee administered by the Commissioner of Revenue neglects or refuses to pay the same, the amount (including additionally incurred taxes, fees, penalties, interest, and costs) shall be a lien in favor of the state.

T.C.A. Sec. 67-1-1403(a) (emphasis added).

In the agreement between Janie Johnson and the Department of Revenue, Mrs. Johnson agreed to be "jointly and severally liable" for the tax debt of her husband. The Plaintiff's contention that this agreement was lacking in consideration is without merit. In the agreement the State agreed to forego its right to immediate collection by levy on Mr. Johnson's property. It is well-settled that consideration exists when the promisee does something that it is under no legal obligation to do or refrains from doing something which it has a legal right to do. By foregoing its legal right to collection by levy, the Department of Revenue refrained from doing something it had a legal right to do and therefore the assumption of liability agreement was supported by consideration.

By agreeing to be "jointly and severally liable" for the tax liability of her husband, Mrs. Johnson became a "person liable to pay any state tax" within the meaning of T.C.A. Sec. 67-1-1403(a). Therefore, a valid lien on Mrs. Johnson's property interests was created when the assumption of liability agreement was entered into by Mrs. Johnson and the Department of Revenue. When this lien against both Mr. and Mrs. Johnson was filed in the appropriate places, the Department of Revenue received priority as to all other liens except as provided by T.C.A. Sec. 67-1-1403(c), which is not relevant here. When Brown Oil Company recorded its judgment lien almost a year later, it had notice of the State's superior lien. To hold as did the chancellor, that no lien was created against Mrs. Johnson, is to deny the assumption of liability agreement of any legal effect whatsoever. By reading the Tax Enforcement Procedures Act in conjunction with the

assumption of liability agreement, the only conclusion to be reached is that the State's lien was superior as of the date of perfection, the date of filing in Marion and Sequatchie Counties, respectively. The judgment lien of Brown Oil Company was junior to the lien of the Department of Revenue and therefore the tax lien must be satisfied before Brown Oil Company is entitled to any of the insurance proceeds. To the extent that the chancellor held otherwise,

Page 152

he was in error. We are unable to understand how the chancellor could give Plaintiff lien priority over the Department of Revenue. The chancellor satisfied Plaintiff's judgment lien out of the wife's share of the proceeds and then retained the remainder of the wife's share for the protection of the State. This suggests to us that the chancellor believed the State had a lien but that Plaintiff's lien had priority. This result is not consistent with T.C.A. Sec. 67-1-1403. Since the tax lien was perfected first, it was entitled to priority. We find unpersuasive Plaintiff's argument that the Department of Revenue had no lien against Mrs. Johnson because she was not a "dealer" within the meaning of the Retailers' Sales Tax Act, T.C.A. Sec. 67-6-102(4). While she was not a "dealer" for purposes of the original tax assessment, she agreed to be jointly and severally liable for the tax delinquency when she signed the assumption of liability agreement. While the specific language of the agreement did not indicate a suretyship agreement, the effect is similar to that of suretyship. She agreed to combine her assets with those of her husband for the purpose of discharging her husband's tax liability. Although we do not rely on *Exchange Mutual Ins. Co. v. Olsen*, 667 S.W.2d 62 (Tenn.1984), and *In Re Estate of Darwin*, 503 S.W.2d 511 (Tenn.1973), cited by the Commissioner of Revenue, those cases are certainly consistent with the result reached in the case at bar.

The judgment of the trial court is reversed and the cause is remanded for further proceedings consistent with this opinion. Costs on appeal are assessed against Brown Oil Company.

COOPER, C.J., and FONES, BROCK and HARBISON, JJ., concur.